**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50021 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-01952-WQH |
| v. | |
| MURQUIS ANTJUAN MALONE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Murquis Antjuan Malone appeals from the district court's judgment and

challenges the revocation of supervised release. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

Malone contends that the district court violated due process by failing to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

allow him to advocate for continuation on supervision and to consider, as a discrete question, whether to revoke supervised release. As Malone concedes, because he did not raise these arguments in the district court, our review is for plain error. *See United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008).

The record reflects that the district court did not revoke supervised release until after hearing arguments, including from Malone personally, concerning the appropriate disposition in the case. Thus, the court provided an opportunity for Malone to argue for continuation on supervision before it revoked. Moreover, given that the petition to revoke listed continued supervision as a sentencing option and the parties' arguments concerning Malone's need for inpatient treatment, we presume that the court understood that it could continue Malone on supervision, but instead elected to revoke supervised release. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("We assume that district judges know the law.")

Even if the court erred by not more explicitly considering whether to continue Malone on supervision and specifically inviting argument on that point, the error had no effect on Malone's substantial rights. *See Waknine*, 543 F.3d at 551. The court explained that, in light of the nature of Malone's violations and his prior four-month sentence for violating supervised release, revocation and an eight-month sentence were warranted. On this record, Malone cannot show a reasonable

probability that the court would not have revoked supervised release absent the purported error. *See id.* at 553-54.

     **AFFIRMED**.